U.S. DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
RECEIVED

NOV 10 2005

ROBERT H. SHEMWELL, CLERK
BY_____
       DEPUTY

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| | |
|---|---|
| DIRECTV, INC. | CIVIL ACTION NO. 03-2173 |
| versus | JUDGE S. MAURICE HICKS, JR. |
| DERIC PATTERSON | MAGISTRATE JUDGE HORNSBY |

## MEMORANDUM RULING

Before the Court is DirecTV, Inc.'s ("DirecTV") "Motion for Reconsideration of DirecTV's Motion for Default Judgment and Statement of Election of Remedies." (Record Document 35). After a thorough review of the record, including the transcript of the June 14, 2005 oral argument, the Court **GRANTS** DirecTV's motion for reconsideration. An amended judgment shall issue herewith.

### I.  BACKGROUND.

The facts of this case, as set forth by the Court in its April 19, 2005 memorandum ruling (Record Document 27), are not in dispute. Thus, the Court hereby adopts by reference the "Background" section of its previous ruling.

In the April 19, 2005 ruling, this Court found that DirecTV had properly plead and moved for default on the claim against defendant Deric Patterson ("Patterson") pursuant to the Federal Communications Act, 47 U.S.C. § 605(a) and awarded statutory damages in the amount of $10,000. The Court denied damages as to 47 U.S.C. § 605(e)(4), dismissed DirecTV's claims as to 18 U.S.C. §§ 2511 and 2512, and denied injunctive relief pursuant to 47 U.S.C. § 605(e)(3)(b)(i). The Court also awarded attorneys' fees in the amount of $1,316.80 and costs in the amount of $157.24.

On April 29, 2005, DirecTV filed a motion to alter or amend judgment relating to the Court's dismissal of the 18 U.S.C. § 2511 claim in its April 29, 2005 memorandum ruling. (Record Document 29). DirecTV's motion to alter or amend came before the Court for oral argument on June 14, 2005. (Record Document 33). During oral argument, the Court ordered DirecTV to re-file its motion to alter or amend as a "Motion for Reconsideration" under Federal Rule of Civil Procedure 60(b) within fifteen days. (Id.). The Court also directed DirecTV to file a statement of election of remedies applicable to its motions for default within fifteen days. The statement of election of remedies was to designate whether DirecTV preferred damages under the Federal Communications Act, 47 U.S.C. § 605, or the Wiretap Act, 18 U.S.C. § 2511. DirecTV filed its motion for reconsideration and statement of election of remedies on June 29, 2005. (Record Document 35).[1]

## II. LAW AND ANALYSIS.

### 1. Motion For Reconsideration.

DirecTV seeks reconsideration of the portion of this Court's April 19, 2005 ruling dismissing DirecTV's claims under 18 U.S.C. § 2511. DirecTV asks the Court to "rule that [it] properly pled and moved for default judgment on its claim based on violation of 18 U.S.C. § 2511." (Record Document 35 at 2).

The April 19, 2005 ruling stated:

> The Court also dismisses the claims pursuant to 18 U.S.C. §§ 2511 and 2512 against Patterson because the statute does not provide a private right of action. DirecTV, Inc. v. Gemmell, 317 F. Supp. 2d 686, 688 (W.D. La. 2004); DirecTV, Inc. v. Bush, 2003 U.S. Dist. LEXIS 24557, at 8 (S.D. Tex. Oct. 24, 2003).

---

[1] In light of DirecTV's filing of the motion for reconsideration, the Court hereby **DENIES AS MOOT** the motion to alter or amend judgment. (Record Document 29).

(Record Document 29 at 3). DirecTV contends that the Gemmell and Bush decisions do not support the dismissal of its section 2511 claim. Further, DirecTV argues that DirecTV, Inc. v. Nicholas, 403 F.3d 223 (4th Cir. 2005), a Fourth Circuit decision decided on April 13, 2005, supports its right to pursue a private cause of action based on a violation of 18 U.S.C. § 2511. In Nicholas, the Fourth Circuit held that the plain language of 18 U.S.C. §§ 2511 and 2520 allowed DirecTV to maintain a civil action against a defendant for his alleged interception of DirecTV's encrypted transmissions. See Nicholas, 403 F.3d at 224. Specifically, the Nicholas court stated:

> [U]nder the plain language of the statutes, there is nothing to indicate that § 2511 excludes from its application intentional interceptions of encrypted satellite transmissions, as opposed to nonencrypted satellite transmissions. Moreover, there is nothing in the plain language of § 2520 to indicate that the interception of encrypted satellite transmissions would not fall under the general damages provisions of subsection (c)(2), which provides for certain specified damages "in all other cases" (i.e., in all cases of § 2511 violations except those specifically listed in subsection (c)(1)).

Id. at 228. Simply put, the Nicholas court reasoned that "the plain language of the statutes decidely favors DirecTV and provides it a cause of action." Id. at 226-27.

On August 9, 2005, the Fifth Circuit issued rulings in three cases involving DirecTV. See DirecTV, Inc. v. Budden, 420 F.3d 521 (5th Cir. 2005), DirecTV, Inc. v. Robson, 420 F.3d 532 (5th Cir. 2005), & DirecTV, Inc. v. Minor, 420 F.3d 546 (5th Cir. 2005). Two of these cases – Robson and Minor – are peripherally relevant to the instant matter. In both Robson and Minor, DirecTV alleged claims under both 47 U.S.C. § 605(a) and 18 U.S.C. § 2511(1)(a). And in both cases the Fifth Circuit stated:

> Similarly, § 2511(1)(a) imposes criminal liability upon any person who "intentionally intercepts, endeavors to intercept, or procures any other person to intercept or endeavor to intercept, any wire, oral, or electronic communication." A civil action is provided in § 2520(a): "[A]ny person whose

wire, oral, or electronic communication is intercepted, disclosed, or intentionally used in violation of this chapter may in a civil action recover from the person or entity, other than the United States, which engaged in that violation such relief as may be appropriate."

Robson, 420 F.3d at 537; Minor, 420 F.3d at 549. Thus, it appears that there is at least dictum in Fifth Circuit case law supporting DirecTV's motion for reconsideration as to this Court's ruling on the section 2511 claim.

Thus, after an in depth review of not only the Gemmell, Bush, and Nicholas decisions, but also recent Fifth Circuit case law involving DirecTV, the Court **GRANTS** DirecTV's motion for reconsideration as to its section 2511 claim, as there is ample support for DirecTV's position that a private cause of action does in fact exist under 18 U.S.C. § 2511 via 18 U.S.C. § 2520.

As applied to this case, the Court now finds that DirecTV has properly pled and moved for default judgment on its claims against defendant Patterson pursuant to 47 U.S.C. § 605(a) *and* 18 U.S.C. § 2511. Based on the record evidence, the reasonable inference is that Patterson purchased and used the pirate access devices – the "PS2 Plus SU2bs01 Flashable Unlooper," the "Generic Emulator," and the "Bootloader" – for his personal use. Thus, in light of the ruling that default judgment as to DirecTV's claims pursuant to 47 U.S.C. § 605(a) and 18 U.S.C. § 2511 is proper, the Court now proceeds to an analysis of DirecTV's statement of remedies, i.e., a statement of election of statutory damages under 47 U.S.C. § 605(e) or 18 U.S.C. § 2520(c)(2)(B).

2.  **Election Of Remedies.**

In its March 18, 2005 motion for default judgment in the instant matter, DirecTV sought statutory damages of $10,000, but did not expressly state under which statute it

Page 4 of 7

sought such an award. (Record Document 22). Thus, during the June 14, 2005 oral argument, the Court asked DirecTV to file a statement of election of remedies applicable to the instant, and other pending, motion(s) for default judgment.

In its statement of election of remedies, DirecTV stated:

> The distinction DirecTV draws in its election of statutory damages turns on whether DirecTV possesses evidence that the defaulting defendant went beyond personal use of pirate access devices to intercept DirecTV's satellite transmissions – for which DirecTV will seek statutory damages of $10,000 under the Wiretap Act – and sold, distributed, modified or assembled such devices in violation of the Federal Communications Act.

(Record Document 35 at 7). Simply put, in cases where the evidence establishes that the defaulted defendant purchased a limited number of pirate access devices for *personal use*, in violation of the Federal Communications Act, 47 U.S.C. § 605(a), and the Wiretap Act, 18 U.S.C. § 2511(1)(a), DirecTV elects statutory damages award under 18 U.S.C. § 2520(c)(2)(B). Conversely, in cases where DirecTV has sufficient evidence for the Court to reasonably infer that a defaulting defendant sold or distributed pirate access devices or in cases where DirecTV has obtained evidence that the defaulting defendant modified or assembled pirate access devices, all in violation of 47 U.S.C. § 605(e)(4), DirecTV elects statutory damages under the Federal Communications Act, 47 U.S.C. § 605(e)(3)(C)(i)(II).

As stated previously in this memorandum ruling, the reasonable inference is that Patterson purchased and used the pirate access devices at issue in this case. Hence, this case falls within the "personal use" category and, for such cases, DirecTV has elected statutory damages pursuant to 18 U.S.C. § 2520(c)(2)(B). (Record Document 35 at 7).

Section 2520(c)(2)(B) provides:

> (c) Computation of damages. —
>
> 1. In any other action under this section, the court may assess as damages whichever is the greater of —
>
>     . statutory damages of whichever is the greater of $100 a day for each day of violation or $10,000.

Here, Patterson did not answer DirecTV's complaint. Consequently, DirecTV did not have the opportunity to engage in discovery and thereby could not determine the number of days Patterson violated the Wiretap Act, 18 U.S.C. § 2511(1)(a). Thus, applying section 2520(c)(2)(B), the Court finds that statutory damages in the amount of $10,000 are reasonable. Because this Court had previously awarded DirecTV $10,000 in statutory damages pursuant to 18 U.S.C. § 605(a), an amended judgment reflecting the statutory damages award of $10,000 pursuant to 18 U.S.C. § 2520(c)(2)(B) will issue herewith. The previous award of attorneys' fees in the amount of $1,316.80 and costs in the amount of $157.24 remains unchanged.

## III. CONCLUSION.

Based on the foregoing, the Court **GRANTS** DirecTV's motion for reconsideration as to its section 2511 claim, as there is ample support for DirecTV's position that a private cause of action exists under 18 U.S.C. § 2511. The Court finds that DirecTV has properly pled and moved for default judgment on its claims against defendant Deric Patterson ("Patterson") pursuant to 47 U.S.C. § 605(a) *and* 18 U.S.C. § 2511.

In light of DirecTV's statement of election of remedies, the Court awards statutory damages in the amount of $10,000 pursuant to 18 U.S.C. § 2520(c)(2)(B). The previous

award of attorneys' fees in the amount of $1,316.80 and costs in the amount of $157.24 remains unchanged.

Shreveport, Louisiana, this 10TH day of November, 2005.

S. MAURICE HICKS, JR.
UNITED STATES DISTRICT JUDGE